## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NAIMI DURAN**<br>22215 Overview Lane<br>Boyds, Maryland 20841<br><br>*Plaintiff,*<br><br>*v.*<br><br>**KEVIN CEVYN T. FELDER**<br>125 Remount Road, Suite C1 PMB 1147<br>Charlotte, North Carolina 28203<br><br>and<br><br>**KSR SQUARE LLC**<br>**a/k/a KSR SQUARED LLC**<br>125 Remount Road, Suite C1 PMB 1147<br>Charlotte, North Carolina 28203<br><br>*Defendants.* | Civil Action No. _____ |

### FLSA COLLECTIVE ACTION COMPLAINT

The Plaintiff, Naimi Duran, by her attorneys, James M. Ray, II and Ray Legal Group, LLC, and on behalf of herself and similar situated employees of KSR Square LLC a/k/a KSR Squared LLC hereby sues Kevin Cevyn T. Felder and KSR Square LLC a/k/a KSR Squared LLC and alleges as follows:

### PARTIES

1.      Plaintiff Naimi Duran is a citizen of the State of Maryland.

2.      Defendant Kevin Cevyn T. Felder ("Felder"), on information and belief, is a citizen of North Carolina.  Defendant Felder is the President of Defendant KSR Square LLC a/k/a KSR Squared LLC.

3.      Defendant KSR Square LLC a/k/a KSR Squared LLC ("KSR") purports to be a

limited liability company based in North Carolina.  However, the Plaintiff has not been able to find any evidence that KSR is incorporated in North Carolina or Maryland under either name.  On information and belief, Mr. Felder is the sole owner of KSR.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's claim brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (the "FLSA").

5.      This Court has personal jurisdiction over the Defendants because the Defendants KSR and Mr. Felder employ persons residing in the State of Maryland and perform work and services within the District of Maryland.

6.      Venue in this District is proper as the events giving rise to the claims occurred within this District.

7.      As evidenced by the attached consent, the Plaintiff consents to be a plaintiff in this collective action seeking relief under the FLSA.

## FACTS

8.      On August 20, 2020, the Plaintiff accepted an offer from KSR for employment as a Customer Service Representative.  As a Customer Service Representative, the Plaintiff responded to calls from customers of Comcast.

9.      The Plaintiff completed a required Comcast Certification Course prior to her receiving calls from Comcast customers who resided in Maryland and in other states.  KSR agreed to pay the Plaintiff for time working during the Comcast Certification Course at the rate of $8.00/hour.  The Plaintiff worked for a total of 124 hours prior to certification, a total of $992.00 in wages.

10.     After certification, the Plaintiff began handling calls from Comcast customers in Maryland and other states and KSR agreed to pay the Plaintiff at the rate of $11/hour for this work. The Plaintiff worked 36 hours handling calls from Comcast customers, a total of $396 in wages.

11.     Despite repeated demands, KSR has not paid any wages to the Plaintiff, including the required minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

12.     The Plaintiff, on behalf of herself and other similarly situated customer service representatives that worked at Defendant KSR during the relevant period, is pursing the herein alleged FLSA minimum wage claim as a collective action pursuant to FLSA § 216.

13.     Plaintiff and all other current or former customer service representatives who worked for Defendant during the relevant period were not paid by Defendant KSR and were denied FLSA required minimum wage compensation and are each owed (1) unpaid minimum wage compensation (since the Defendant KSR paid nothing) and (2) statutory liquidated damages in statutorily defined multiples of unpaid wages plus attorney's fees, expenses and costs.

14.     Defendant KSR knowingly, willfully, or in reckless disregard of the law, maintained an illegal and company-wide practice of unlawfully failing to pay Plaintiff and other customer service representatives at the hourly wage rates in compliance with the FLSA minimum wage.

## COUNT I
(Fair Labor Standards Act – 29 U.S.C. §§ 206—Minimum Wage)

15.     The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

16.      The Plaintiff is an "employee" under the FLSA.

17.      During the relevant time period and as an employee of KSR, the Plaintiff engaged in commerce, as defined in the FLSA, by virtue of her having engaged in Comcast customer service calls with customers both in Maryland and throughout the United States.

18.      Defendant KSR is an "Employer" under the FLSA.

19.      During the relevant period, Defendant KSR had annual gross sales exceeding $500,000.00 and otherwise qualified as an "enterprise engaged in commerce" under the FLSA because its employees in various states, including Maryland, provided customer service support to Comcast customers throughout the United States.

20.      Defendant Felder also is an "Employer" under the FLSA.  Mr. Felder has extensive managerial responsibility at KSR and had substantial (if not complete) control of the terms and conditions of all of KSR's employees.  Mr. Felder personally hired all of the customer care representatives, including the Plaintiff, and directed all of KSR's customer service representatives and determined the pay rate for each of KSR's customer service representatives.  Mr. Felder exercised total control over all of KSR's operations and activities and Mr. Felder personally made the decisions not to pay any of the wages owed to KSR's customer service representatives.

21.      Under § 206 of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*, ("FLSA") an employer is required to pay an employee at a minimum wage rate of $7.25/hour.

22.      Defendants KSR and Mr. Felder violated § 206 by failing to pay the Plaintiff at least $7.25/hour for work performed by the Plaintiff.  Indeed, Defendants KSR and Mr. Felder failed to pay the Plaintiff any wages for any of the work that the Plaintiff performed on behalf of Defendant KSR.

23.      The actions of Defendants KSR and Felder were willful and without legal

4

justification.

24.     Under § 216 of the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

25.     The Plaintiff has been damaged by the Defendants KSR and Mr. Felder's failure to pay minimum wage and is entitled to recover the difference between the amount that Defendants KSR and Mr. Felder paid (which is zero) and the amount that Defendants KSR and Mr. Felder should have paid under the FLSA, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Duran demands judgement against Defendants KSR and Mr. Felder for her unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   /s/ James M. Ray
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:    (301) 755-5627

*Attorneys for Plaintiff*

5